1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Willard Edward Davis, Jr.,            )    No. CV 06-2466-PHX-SMM (ECV)
                                           )
10             Petitioner,                 )    **REPORT AND RECOMMENDATION**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Dora B. Schriro, et al.,              )
13                                         )
               Respondents.                )
14                                         )
     _____        )

15

16   TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT

17   JUDGE:

18                              **BACKGROUND**

19           Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to

20   28 U.S.C. § 2254 filed by Petitioner Willard Edward Davis, Jr.  Doc. #1.  Pursuant to a plea

21   agreement, Petitioner was convicted and sentenced on September 8, 1992, in the Maricopa

22   County Superior Court.  Doc. #12, Exh. D.  Petitioner pled guilty to one count of Sexual

23   Assault, a Class 2 Dangerous Felony under Arizona law and one count of Kidnaping, a Class

24   2 Non-Dangerous Felony.  Doc. #12, Exh. A at 25j, C.  Pursuant to the plea agreement,

25   Petitioner was sentenced to 12 years in prison on the sexual assault count and a consecutive

26   term of probation for seven years on the kidnaping count.  Doc. #12, Exh. D.

27           On September 10, 1992, Petitioner filed a Notice of Appeal.  Doc. #12, Exh. A at 28.

28   Addressing the only issue raised on appeal, the Arizona Court of Appeals on January 29,

1    1993, affirmed Petitioner's sentence of intensive probation for the kidnaping conviction.

2    Doc. #12, Exh. G.  Petitioner did not seek review in the Arizona Supreme Court and

3    therefore the Court of Appeals issued a Mandate on August 13, 1993. Id.

4            On April 7, 1997, Petitioner filed his first Notice of Post-Conviction relief under Rule

5    32 of the Arizona Rules of Criminal Procedure. Doc. #12, Exh. H.  Court-appointed counsel

6    subsequently filed a Notice of Completion of Post-Conviction Review by Counsel stating

7    that she was unable to find any claims for relief to raise in a post-conviction proceeding.

8    Doc. #12, Exh. J.  The trial court then granted Petitioner time to file a *pro se* petition for post-

9    conviction relief, but after Petitioner failed to file a petition, the court dismissed the post-

10   conviction proceedings in a Minute Entry filed on January 9, 1998.  Doc. #12, Exh. L, M, O,

11   P.  Petitioner did not seek review in the Arizona Court of Appeals.

12           Petitioner filed a second Notice of Post-Conviction Relief on October 28, 1998.  Doc.

13   #12, Exh. R.  The trial court denied the petition after finding that the claims could have been

14   raised in the prior petition and were therefore precluded.  Doc. #12, Exh. S.  Petitioner's

15   requests for reconsideration were denied.  Doc. #12, Exh. T, U.  He did not seek review in

16   the Arizona Court of Appeals.

17           Petitioner was released from custody on the sexual assault conviction on February 26,

18   2002, and began serving the consecutive probation sentence.  Doc. #12, Exh. V.  On March

19   13, 2003, Petitioner filed a third Notice of Post-Conviction Relief and a Petition.  Doc. #12,

20   Exh. X, Y.  The trial court again found that Petitioner was precluded from raising the claim

21   he sought to present and dismissed the petition.  Doc. #12, Exh. Z.  The trial court denied

22   Petitioner's request for reconsideration and Petitioner did not seek review in the Arizona

23   Court of Appeals.  Doc. #12, Exh. BB.

24           On October 15, 2003, the trial court revoked Petitioner's probation and imposed a

25   seven-year prison term.  Doc. #12, Exh. EE.  On January 9, 2004, Petitioner filed his fourth

26   Notice of Post-Conviction Relief.  Doc. #12, Exh. FF.  After the trial court appointed

27   counsel, the attorney filed a Notice of Completion of Post-Conviction Review by Counsel

28   stating that she was unable to find any claims for relief to raise in a post-conviction petition.

1  Doc. #12, Exh. GG, HH.  Petitioner then filed a *pro se* Petition for Post-Conviction Relief

2  on September 27, 2004.  Doc. #12, Exh. KK.  The trial court dismissed the petition on

3  January 28, 2005, after finding that the claims were precluded.  Doc. #12, Exh. OO.

4  Petitioner filed a Petition for Review in the Arizona Court of Appeals, which was denied on

5  November 3, 2005.  Doc. #12, Exh. PP, QQ.  A subsequent Petition for Review to the

6  Arizona Supreme Court was denied on March 24, 2006.  Doc. #12, Exh. RR, SS.

7  On October 17, 2006, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus

8  in this court.  Doc. #1.  Petitioner contends in ground one that his court-appointed counsel

9  provided ineffective assistance of counsel in violation of the Sixth Amendment by failing to

10  challenge the State's amendment of the grand jury indictment to allege dangerousness.  He

11  further contends in ground two that his consecutive sentences violated the Fifth Amendment

12  Double Jeopardy Clause.  Finally, in ground three Petitioner claims that the State's

13  amendment of the grand jury indictment to allege dangerousness violated the Fifth

14  Amendment.  On February 21, 2007, Respondents filed an Answer to Petition for Writ of

15  Habeas Corpus.  Doc. #12.  Petitioner filed a Reply on May 8, 2007.  Doc. #15.

16  **DISCUSSION**

17  Respondents contend that the petition should be dismissed because it was not filed

18  within the statute of limitations period.  Alternatively, they argue that Petitioner failed to

19  exhaust his state court remedies and that his claims are procedurally defaulted.  Petitioner

20  argues in his reply that his petition was timely filed and that he properly exhausted his state

21  court remedies.  Based on the discussion below, the court finds that the habeas petition is

22  barred by the statute of limitations and recommends that the petition be denied on that basis.

23  The court therefore need not address the exhaustion of state court remedies issue.

24  ///

25  ///

26  ///

27  ///

28  ///

1    **A.      Legal Standard**

2              The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

3    statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.

4    28 U.S.C. § 2244(d)(1).[1]  The statute provides:

5              A 1-year period of limitation shall apply to an application for a writ of habeas
             corpus by a person in custody pursuant to the judgment of a State court. The
6              limitation period shall run from the latest of–

7                        (A) the date on which the judgment became final by the
                       conclusion of direct review or the expiration of the time for
8                        seeking such review;

9                        (B) the date on which the impediment to filing an application
                       created by State action in violation of the Constitution or laws
10                       of the United States is removed, if the applicant was prevented
                       from filing by such State action;
11

12                       (C) the date on which the constitutional right asserted was
                       initially recognized by the Supreme Court, if the right has been
                       newly recognized by the Supreme Court and made retroactively
13                       applicable to cases on collateral review; or

14                       (D) the date on which the factual predicate of the claim or
                       claims presented could have been discovered through the
15                       exercise of due diligence.

16

17             State prisoners whose convictions became final before the AEDPA effective date of

18    April 24, 1996, had a one-year grace period in which to file their petitions. Patterson v.

19    Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).  Thus, any such petitions had to be filed by

20    April 24, 1997. Id.

21             Additionally, "[t]he time during which a properly filed application for State post-

22    conviction or other collateral review with respect to the pertinent judgment or claim is

23    pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also

24    Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly

25    pending after it is filed with a state court, but before that court grants or denies the petition."

26    _____

27             [1] Because Petitioner's habeas petition was filed after the AEDPA effective date of
      April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243,
28    1245 (9th Cir. 2001).

1   Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review

2   is pending once a *notice* of post-conviction relief is filed even though the petition is not filed

3   until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).

4   An application for post-conviction relief is also pending during the intervals between a lower

5   court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048

6   (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time

7   between a first and second application for post-conviction relief is not tolled because no

8   application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe,

9   340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval

10   between the completion of one round of state collateral review and the commencement of a

11   second round of review."). Moreover, filing a new petition for post-conviction relief does

12   not reinitiate a limitations period that ended before the new petition was filed. See Ferguson

13   v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

14   **B.     Application**

15         Petitioner's judgement of conviction became final in 1993, well before the effective

16   date of the AEDPA. Therefore, Petitioner's habeas petition was due on or before April 24,

17   1997, the end of the one-year grace period. On April 7, 1997, Petitioner filed his first notice

18   of post-conviction relief, thus tolling the remaining 18 days left in the grace period. The

19   post-conviction proceedings, however, were terminated on January 9, 1998. Because no

20   post-conviction proceedings were pending as of that date, the clock started running again.

21   Petitioner had until January 27, 1998, 18 days after the proceedings were terminated, to file

22   his petition. His second petition for post-conviction relief was not filed until October 28,

23   1998, approximately nine months after the deadline passed. Petitioner's second, third and

24   fourth petitions for post-conviction relief did not reinitiate the limitations period that had

25   already expired before the petitions were filed. See Ferguson v. Palmateer, 321 F.3d 820,

26   823 (9th Cir. 2003). As a result, Petitioner's habeas petition filed October 17, 2006, was more

27   than eight years late.

28

1    Petitioner argues in his reply that because his sentence included a term of probation,

2  it was not constitutionally final.  Doc. #15 at 2-5.  Petitioner contends that the statute of

3  limitations did not begin to run until October 15, 2003, the date that his probation was

4  revoked and he was sentenced to an additional 7 years in prison.  Doc. #15 at 4.  Petitioner

5  cites Cook v. New York State Div. of Parole, 321 F.3d 274, 280-81 (2d Cir. 2005) and

6  Burger v. Scott, 317 F.3d 1133, 1138-39 (10th Cir. 2003) to support his contention.  However,

7  in each of those cases, the habeas petitioners were challenging parole determinations, not

8  their underlying criminal convictions.  Therefore, to calculate the statute of limitations

9  period, the court in each case applied 28 U.S.C. § 2244(d)(1)(D), which provides that the

10 limitations period shall run from the date on which the factual predicate of the claim could

11 have been discovered.  Cook, 321 F.3d at 280-81; Burger, 317 F.3d at 1138-39.  The parole

12 proceedings, rather than the convictions and sentences, formed the factual predicates in those

13 cases, thus resulting in a later limitations period.  Id.

14    Here, Petitioner is not challenging the probation revocation proceeding from 2003 that

15 resulted in additional prison time.  Rather, the petition makes clear that Petitioner is

16 challenging the underlying convictions and sentences.  Accordingly, the applicable provision

17 in 28 U.S.C. § 2244(d)(1) for determining the statute of limitations period is subsection (A),

18 which is based on the date the judgment of conviction became final.  Thus, the cases cited

19 by Petitioner are inapposite.

20    Moreover, Petitioner offers no authority for the proposition that for purposes of

21 calculating the habeas statute of limitations period, a judgment of conviction remains open

22 (i.e., not final) when a sentence of probation is imposed.  To the contrary, in Caldwell v.

23 Dretke, 429 F.3d 521, 529 (5th Cir. 2005), the court held that an order imposing probation

24 became final by the conclusion of direct review and thus was a final judgment for purposes

25 of 28 U.S.C. § 2244.  Petitioner's argument that the limitations period did not begin to run

26 until 2003 is without merit.

27  ///

28  ///

- 6 -

1   **C.      Conclusion**

2          The judgment of conviction in this case became final before the AEDPA was enacted,

3   thus requiring the application of the one-year grace period.  Petitioner, however, failed to file

4   his habeas petition within the required time period and the petition is therefore barred.  As

5   a result, the court will recommend that the petition be denied and dismissed.

6   **IT IS THEREFORE RECOMMENDED:**

7          That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

8   be **DENIED** and **DISMISSED WITH PREJUDICE**;

9          This recommendation is not an order that is immediately appealable to the Ninth

10  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

11  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

12  parties shall have ten days from the date of service of a copy of this recommendation within

13  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

14  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

15  response to the objections. Failure to timely file objections to the Magistrate Judge's Report

16  and Recommendation may result in the acceptance of the Report and Recommendation by

17  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

18  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

19  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

20  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

21  recommendation.  See Fed. R. Civ. P. 72.

22          DATED this 29th day of October, 2007.

23

24

25

26                                              Edward C. Voss
                                                United States Magistrate Judge

27

28